UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MICAH MUYKTAHLIF,

        Plaintiff,

   -against-

THE CITY OF NEW YORK and P.O. RICHARD
SILVERSTEIN.

        Defendants.
-------------------------------------------------------------- X

AMENDED
COMPLAINT IN CIVIL CASE
JURY TRIAL DEMANDED

CV 11-6039 (FB)(LB)

Plaintiff, MICAH MUYKTAHLIF, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

I. **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of MICAH MUYKTAHLIF. The plaintiff contends that the defendants have subjected the Plaintiff to a malicious abuse of process whereas he has been assaulted, seized, unlawfully arrested, falsely imprisoned, defamed and humiliated without cause by the defendant Silverstein, who was acting pursuant to the dictates and policies of defendant The City of New York. Defendant Silverstein was acting under the color of state law and pursuant to municipal customs, practices and policies when he undertook the aforementioned acts against plaintiff.

II. **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III. **PARTIES**

3. Plaintiff, Micah Muyhktahlif resides in Kings County and sues on his own behalf.

4. Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendant, Police Officer Richard Silverstein and unidentified officers at all times were employed by the City of New York as police officers. Defendant Silverstein's actions must conform to the dictates of the Constitution of the United States. He is sued in his individual capacity for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV. **FACTUAL AVERMENTS**

6. Defendant Silverstein and unidentified police officers, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a. On December 10, 2008 at approximately 10:05 A.M. the plaintiff went to check on a car he had purchased on December 6, 2008 out of state that was parked at a friend's business place in an alleyway of Kingston avenue, between Union and President Street, in Kings County, New York. When plaintiff went to check on his vehicle he was informed by his friend who operated a dry cleaners abutting the alleyway that the operator of the fish market which was also located in the immediate vicinity of the alleyway had complained to the police about plaintiff's vehicle being located in the alleyway.

b. Whilst at his vehicle defendant Silverstein approached the plaintiff and asked him if he had any paperwork for the vehicle. The plaintiff showed defendant Silverstein proof of purchase

and insurance. Defendant Silverstein then told the plaintiff he could not drive the vehicle and that if he did he would be arrested. Defendant Silverstein also requested that the plaintiff provide him with his keys. Plaintiff was then instructed to stand up and wait until he received further instructions. In approximately 10-15 minutes later six to seven police officers arrived at which time plaintiff was grabbed and thrown onto the ground by defendant Silverstein who assaulted the plaintiff with unidentified officers. After the assault the plaintiff was then arrested by defendant Silverstein. The plaintiff did not appear before a judge of the Kings County Criminal Court until roughly twenty four (24) hours later at which time at his arraignment the plaintiff learnt that he had been charged with littering and disorderly conduct.

On May 4, 2009 the charges against the plaintiff were adjourned in contemplation of dismissal. On November 2, 2009 all charges against the plaintiff were dismissed.

V. **FIRST CLAIM FOR RELIEF**

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using police power to arrest and seize citizenry when deemed necessary.

8. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve". The plaintiff is traumatized by the callous and casual manner in which he was just picked up off the streets and suffers from anxiety whenever he sees the police.

9. The conduct of defendants in maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages as against the individual defendants.

10. The arrest of the plaintiff was affected without the constitutional prerequisites and in total and utter disregard for the civil rights of the plaintiff.

11. Solely as a result of these actions, plaintiff was:

a. Suffered severe physical and emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b. Has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and

c. Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

12. Defendant Silverstein, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiff:

a. To be free from unlawful arrest and imprisonment;

b. To be free from malicious abuse of process;

c. To be free from excessive use of force;

d. To be free from summary punishment without trial; and

e. To due process of law.

13. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

14. As a result of the defendants conduct, plaintiff has suffered damage and injury.

### PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, these damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5.       All other relief that is just and proper.

Dated: Brooklyn, New York
          May 4, 2012

                                Respectfully Submitted
                                Adrian A. Ellis, LLC
                                By:
                                Adrian A. Ellis, Esq.(5276)
                                26 Court Street, Suite 1600
                                Brooklyn, NY 11242
                                P (718) 596-1308
                                F (718) 596-8059